**STATE, In re PYLES, Relator, v. INDUSTRIAL COMMISSION, Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 4989.   Decided November 2, 1953.

A. Millard Armstrong, Columbus, for relator.

Hon. C. William O'Neill, Attorney General, Chalmers P. Wylie, Assistant Attorney General, Columbus, for defendant.

## OPINION

**By THE COURT.**

This is an original action in mandamus wherein the relator is seeking an order requiring the respondent to grant a rehearing on the application for an allowance for funeral expenses or for an order requiring the respondent to pay the same. The petition alleges the death of L. Binkley Pyles from injuries arising out of and in the course of his employment, the employer being a subscriber to the State Insurance Fund; that the relator is the son and only survivor of the decedent but is not a dependent; that the funeral director filed an application with the respondent for the statutory allowance for funeral expenses. This application was disalloweed for the alleged reason that the death was not due to any injury sustained in the course of the decedent's employment or arising out of the same. Thereupon this relator filed an application for a rehearing which was denied, the reason assigned being that he was not a person entitled to file an application for rehearing. The relator attempts to qualify as a proper party to bring the action by stating in the petition,

"Relator says that if the defendant does not pay the funeral directors the statutory allowance on the decedent's funeral expenses that the relator is obligated to pay said expenses and for this reason, that relator is a proper and interested party to the proceedings before the defendant, and that he was entitled to file said applications. Relator further says that the order of August 8th, 1952, was a denial of death benefits within the meaning of §1465-90 GC."

Respondent now demurs to the petition upon the following grounds:

1. Relator has not stated a cause of action; and

2. The Court has no jurisdiction.

The question therefore presented is whether or not the relator is an interested person entitled to make such an application to the Commission under §1465-89 GC. This very question seems to have been passed upon by our Supreme Court in the case of **Industrial Commission v. Puttman, 126 Oh St 8,** the syllabus of which provides:

"Under the workmen's compensation law and rule adopted by the commission pursuant thereto, where one who is not a dependent pays the funeral expenses of a deceased workman, such person is a mere volunteer and is not entitled to make application to the commission for the amount so expended."

A further reason for denying the relator the relief sought is that the petition reveals that the funeral director filed the application for the funeral expenses and not this relator. He was therefore not a party to the hearing before the Commission and is not a proper person to prosecute an appeal from its order.

The demurrer will be sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.